In re RICE.

No. 24025.     Feb. 13, 1934.

Roy Glasco and Blanton & Curtis, for respondent.

J. H. Everest, John H. Cantrell, and Wade H. Loufbourrow, for State Bar of Oklahoma.

McNEILL, J. The Board of Governors of the State Bar of Oklahoma have recommended to this court that C. T. Rice, a member of the State Bar of this state, referred to as respondent herein, be suspended from the practice of law in the state of Oklahoma for a period of 90 days, by reason of two charges filed against him by Hardin Ballard, an attorney at law.

The first charge relates to respondent appearing without authority as attorney for a defendant, Ola Guess, in a divorce action entitled Jeff Guess v. Ola Guess, in the district court of McClain county, and that his appearance was for the purpose of and with the intent of compelling plaintiff to pay to respondent the sum of $25 as an attorney's fee, and in doing so respondent violated his oath as an attorney at law, and as a member of the State Bar of Oklahoma.

The second charge was that respondent by misrepresentations and bad faith had caused to be delivered to him, as attorney, a Chevrolet truck, which was held under execution issued through the justice of the peace court of McClain county, and thereby committed a larceny by fraud.

Respondent has lodged a transcript of the proceedings in this court to review the findings and recommendations of the Board of Governors. The Board of Governors found against respondent on each of the charges.

We consider the first charge. It appears that Hardin Ballard filed an action for divorce in the case of Guess v. Guess, supra, and thereafter mailed a waiver of summons and consent that the cause be set down and tried at any time without any further notice to Ola Guess, the defendant, for her signature and acknowledgment; the same was returned, signed and acknowledged in Murray county and filed in said cause on August 4, 1931, being subsequent to the filing the petition for divorce on August 1, 1931, by the firm of Glasco & Ballard.

It also appears that Ola Guess had talked with respondent in reference to the divorce action which had been instituted against her, and that her father had also talked with him. Respondent had known defendant's father for approximately 20 years. It appears that said defendant at the time the suit was filed had gone to Sulphur, Okla., for her health, and that later she and her father went to the state of Arkansas. While in Arkansas, Ola Guess discussed with her father the matter of the divorce, and sent respondent a telegram to "take care of divorce case." This message was sent on September 9, 1931, and was signed by her father.

On the same day, respondent filed an answer and cross-petition, unverified, wherein defendant prayed for a divorce, "alimony and attorney fees in such amounts as in the judgment of the court will be proper and for such other and further relief as may be proper including sufficient money to prepare her evidence for trial."

On September 16, 1931, plaintiff filed a motion to strike the cross-petition of the defendant, for the reason that the same was irrelevant, incompetent, and immaterial. In passing on this motion the court granted the defendant permission to verify the answer and cross-petition.

Thereafter the defendant, Ola Guess, appeared at the law office of Ballard and signed an affidavit to the effect that respondent was not her attorney and was not authorized to file the answer and said cross-petition, and that the same was filed without her knowledge and consent. In that affidavit it is stated that:

"She requests that said answer and cross-petition be stricken from the files and consents that the court may hear said cause upon the plaintiff's petition."

This affidavit was filed on December 11, 1931, in said divorce action, and was prepared in the office of said Ballard.

The testimony of Mr. Ballard and respondent is sharply conflicting as to what took place after the motion to strike was passed upon. Mr. Ballard testified in substance that respondent called him to the end of the courtroom, or out to the end of the hall, and told him that if he would have his client, Jeff Guess, pay him $25, respondent would not contest the divorce, but would allow plaintiff to proceed and obtain the same. Respondent, however, testified that

Mr. Ballard called him out in the hall and asked him what his client meant by resisting the divorce and informed him that she had filed a waiver and had said she wanted a divorce. In reply to this respondent testified that he advised Mr. Ballard that if Mr. Ballard was correct respondent would get out of the case, but that respondent thought he should be entitled to an attorney's fee, and that he ought to have a fee of $25.

We have read the record on this charge and conclude that it stands without merit. Respondent may or may not have been fully authorized to file a cross-petition in the action for divorce, but it appears to be undisputed that he was authorized by Ola Guess to represent her in the divorce proceeding.

We are of the opinion that the evidence does not sustain this charge against respondent.

In reference to the second charge, it appears that on or about December 16, 1931, a judgment was rendered in the justice of peace court of Purcell for $50 interest, costs and attorney's fees in the case of Hardin Ballard v. Henry Troup. Thereafter, execution was issued out of that court on December 24, 1931, and levied upon a Chevrolet truck. Notice of sale under said execution was given. The truck was left by the constable in a garage. On January 9, 1932, Chris Troup, a brother of the execution defendant, intervened and claimed the truck as his property. The respondent appeared for said intervener; a trial was had before a jury on January 12, 1932; a verdict was rendered, finding that said truck was the property of said intervener. Judgment was accordingly rendered, and on January 15, 1932, the justice of the peace issued an order of release and directed the truck to be restored to the custody of the intervener or his attorney. On the same day, to wit, January 15, 1932, and after said release was given, a second execution was issued and levied upon the truck. The second execution was issued and directed to be served by a different constable, and notice of sale was given for said Chevrolet truck under said second execution for January 26, 1932. The second constable under the second execution left the truck in the same garage in charge of the same manager as the first constable had done.

The intervener appears to have advised respondent that those in charge of the garage refused to give him the truck. Thereafter respondent talked with the justice of the peace in reference to the delivery of the truck to intervener.

The crucial question as relating to the disbarment proceedings on this charge is whether or not the respondent knew that a second execution had been levied against this truck after the jury had found in favor of the intervener. If he did, discipline is warranted.

The record of the justice of the peace did show the issuance of the second execution, but there is no direct evidence to show that respondent knew of this record unless he was charged with constructive notice of the proceedings in that case, or that he had information that such execution had been issued.

The respondent testified that he had no knowledge or information that a second execution had been issued. The justice of the peace did not testify that he ever informed him of the issuance of this alias execution, and testified that there was not a thing mentioned directly by him or respondent when they had the conversation about releasing this property that the second execution had been issued. The most that can be said in reference to the knowledge of respondent relative to the issuance of the second execution can be only by inference. Respondent testified in no unmistaken terms that he did not know of the second execution.

An attorney charged with disbarment proceedings is entitled to have the charges preferred against him proved by clear and convincing testimony, and it should be free from doubt as to the act charged and the motive with which it was done. See People ex rel. Chicago Bar Association v. Lotterman, 353 Ill. 399, 187 N. E. 424; In re Hadwiger et al., 167 Okla. 307, 27 P. (2d) 604.

From this record we cannot say that the acts of misconduct charged against respondent have been proved by clear and convincing testimony, nor that fraudulent or dishonest motives have been satisfactorily proved. Disbarment proceedings dismissed.

RILEY, C. J., and SWINDALL, ANDREWS, and BAYLESS, JJ., concur. OSBORN, J. disqualified.